```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

KADER DECKER AND                *
LAWRENCE DECKER
                                *
          Plaintiffs
                                *
          vs.                       CIVIL ACTION NO. MJG-13-2095
                                *
KINGSVIEW VILLAGE
HOMEOWNERS ASSOCIATION,         *
INC., et al.
                                *
          Defendants
*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER RE: RECONSIDERATION

The Court has before it Plaintiffs' Motion to Alter or Amend the Judgment [Document 41] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I. BACKGROUND[1]

The instant case arises out of a dispute between Plaintiffs Lawrence and Kader Decker (the "Deckers") and Kingsview Village Homeowners Association ("Kingsview") over an attorney's fees award entered against the Deckers by the Montgomery County Commission on Common Ownership Communities ("CCOC").

In or around early 2011, Kingsview denied the Deckers' request for an after-the-fact approval of the removal of shutters from their house. The Deckers then filed a complaint

---

[1] The Background and Procedural Setting are taken from the Court's Memorandum and Order Re: Dismissal, Summary Judgment issued August 4, 2014 ("August 4 Decision") [Document 39].

against Kingsview with the CCOC.  The September 2012 CCOC decision required the Deckers to reinstall the shutters and pay $7,847.92 to Kingsview for costs and attorney's fees.

In early 2013, the Deckers obtained counsel "to represent them . . . and investigate claims of negligence, fraud and other possible claims against [Kingsview]."  Compl. ¶ 18.

Kingsview contacted its insurance carrier State Farm Insurance ("State Farm"), pursuant to the insurance contract, to put State Farm on notice of a possible lawsuit.  [Document 1-5] at 1.  State Farm issued a check to Kingsview (the "State Farm Check") in February 2013 in the amount of $13,073.82 – "the entire sum actually spent on attorneys' fees in the Decker matter."  Compl. ¶¶ 20, 22.  Kingsview did not request reimbursement for the attorney's fees or file a formal claim, but State Farm paid the full amount of fees.  Id. ¶ 33; see also [Document 1-5] at 1.

On April 10, 2013, counsel for the Deckers sent a letter to Jason E. Fisher ("Fisher"), the attorney who represented Kingsview before the CCOC.  The letter asserted "that the Deckers' alleged debt has been paid on their behalf" by the State Farm Check, thereby "extinguishing their obligation to pay" the $7,847.92 attorney's fees award.  The letter stated that if counsel was not able to resolve the issue, the Deckers would file two lawsuits against Kingsview in Maryland state

2

court – a shareholders' derivative suit and an action seeking a declaratory judgment determining the $7,847.92 to be paid in full. The letter proposed that "the Deckers will waive any and all claims against [sic] Board in return for the Board deeming the CCOC award as paid in full."

On April 26, 2013, Fisher sent a letter to counsel for the Deckers (the "Fisher letter"). [Document 1-3] at 1. The Fisher Letter "demand[ed] that [the Deckers] issue payment to [Kingsview] in the amount of $7,847.92."[2] Id.

## II. PROCEDURAL SETTING

On July 19, 2013, the Deckers filed a lawsuit in this Court against: Kingsview; Fisher; Lerch, Early & Brewer ("LEB"), the law firm where Fisher is employed; and Sandra Moore ("Moore"), a member of the Kingsview Board.

The Complaint presented various claims in ten Counts. The only federal claim was a claim in Count IV against LEB and Fisher under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. The FDCPA claim was based upon the allegation that the Fisher letter violated the FDCPA.

LEB and Fisher filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Document 18]. Kingsview filed a Motion for Judgment on the Pleadings [Document 26] pursuant to Federal Rule of Civil Procedure 12(c).

---

[2] And reinstall the shutters on their house.

3

In the Memorandum and Order Re: Dismissal, Summary Judgment issued August 4, 2014 ("August 4 Decision") [Document 39], the Court granted summary judgment to LEB and Fisher on the FDCPA claim – the only federal claim in the case - under 15 U.S.C. §§ 1692e, 1692f, and 1692g(a).  The Court declined to exercise jurisdiction over the supplemental state law claims.  In the August 4 Decision, the Court stated,[3] as pertinent to the instant Motion:

> 1. The Court concludes that no reasonable jury could find that the Fisher letter was an initial communication under § 1692g(a). [Document 39] at 21.
>
> 2. [E]ven if the Deckers ultimately are determined not to be obligated to pay the $7,847.92 to Kingsview, no reasonable jury could find that LEB and Fisher knew that the Deckers did not owe the debt. [Document 39] at 23.
>
> 3. The Court finds Bachmann[ v. Glazer & Glazer, Inc., 559 A.2d 365 (Md. 1989)] supportive of the position that Kingsview can seek recovery of the $7,847.92 from the Deckers, although it must remit any such recovery to State Farm. [Document 39] at 26.
>
> 4. The Court finds the reasoning of the Court of Appeals of Maryland in Worsham[ v. Greenfield, 78 A.3d 358 (Md. 2013)] and the Eleventh Circuit in Pelletier [v. Zweifel, 987 F.2d 716 (11th Cir. 1993)] persuasive and concludes that the State Farm Check did

---

[3] The Court quotes directly from the August 4 Decision and does not accept the Deckers' purported paraphrase set forth in their Memorandum of Law in Support of the instant Motion.  See [Document 41-1] at 3.

4

>    not discharge the Deckers' obligation to pay to Kingsview the attorney's fees awarded by the CCOC. [Document 39] at 29.
>
> 5. [N]o reasonable jury could find that the Fisher Letter was a communication in connection with the collection of a debt. [Document 39] at 32.

The Deckers do not, by the instant Motion, seek to have the Court reconsider and change its decision to grant summary judgment to LEB and Fisher on the FDCPA claim – the only federal claim in the case - and to decline to exercise jurisdiction over the supplemental state law claims. Rather, the Deckers wish to have the Court amend the August 4 Decision and withdraw, or change, the statements quoted in paragraphs 3 and 4 of the foregoing list pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

III. DISCUSSION

The United States Court of Appeals for the Fourth Circuit "ha[s] recognized that there are three grounds for amending an earlier judgment" under Rule 59(e):

>    (1) to accommodate an intervening change in controlling law;
>
>    (2) to account for new evidence not available at trial; or
>
>    (3) to correct a clear error of law or prevent manifest injustice.

Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991).

The Court finds none of the circumstances warranting an amendment of the August 4 Decision to be present in the instant case.  There has been no change in controlling law, and no new evidence has been proffered.  Nor is amendment necessary to correct any error of law or to prevent injustice.

The Deckers state in their Reply that the "Court went further than was necessary in its 4 August 2014 opinion [by concluding that their obligation to pay the $7,847.92 attorney's fees award was not discharged].  There exists a dispute as to the effect of the State Farm Check, and Plaintiffs have produced evidence that . . . support their position that their obligation to satisfy the CCOC award was discharge [sic] by the State Farm Check."  [Document 45] at 4.

However, the Court's grant of summary judgment was not dependent upon a substantive decision regarding the status of the $7,847.92.  Indeed, in the August 4 Decision, the Court acknowledged that "the legal status of the $7,847.92 – whether it still is owed by the Deckers or was satisfied by the State Farm Check was and is susceptible to reasonable debate." [Document 39] at 23 (emphasis added).

6

Whether the Court's statements in the August 4 Decision that the Deckers wish changed will have any collateral estoppel effects in regard to other litigation is a matter for decision by the court having jurisdiction over that litigation. This Court finds no reason to change, and herein reiterates, the statements made in the August 4 Decision that:

> 3. The Court finds <u>Bachmann</u> supportive of the position that Kingsview can seek recovery of the $7,847.92 from the Deckers, although it must remit any such recovery to State Farm. [Document 39] at 26.
>
> 4. The Court finds the reasoning of the Court of Appeals of Maryland in <u>Worsham</u> and the Eleventh Circuit in <u>Pelletier</u> persuasive and concludes that the State Farm Check did not discharge the Deckers' obligation to pay to Kingsview the attorney's fees awarded by the CCOC. [Document 39] at 29.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

> 1. Plaintiffs' Motion to Alter or Amend the Judgment [Document 41] is DENIED.
>
> 2. The Memorandum and Order Re: Dismissal, Summary Judgment [Document 39] and the Judgment Order [Document 40] issued herein remain in effect.

SO ORDERED, on <u>Monday, January 5, 2015</u>.

                                                            /s/
                                        Marvin J. Garbis
                            United States District Judge